IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RANDAL W. CARRIGAN, individually, and SHERRY CARRIGAN, individually, <br><br> Plaintiffs, <br><br> v. <br><br> K2M, INC., a foreign corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) No. 09-3149 ) ) ) ) ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant K2M Inc.'s Motion to Dismiss Plaintiff's [sic] Complaint at Law, in Lieu of Answer, Pursuant to Federal Rule of Civil Procedure 12(b)(6) (d/e 9) (Motion to Dismiss). Plaintiffs Randal and Sherry Carrigan filed a three-count Complaint (d/e 1) against K2M, alleging that they were injured when screws manufactured by K2M fractured after being surgically implanted in Randal Carrigan's back. Randal Carrigan alleges claims of strict liability (Count 1) and negligence (Count 2). Sherry Carrigan alleges a claim for loss of consortium (Count 3). K2M moves to dismiss the Carrigans' Complaint pursuant to Federal Rule

1

of Civil Procedure 12(b)(6), asserting that the Carrigans failed to plead facts sufficient to demonstrate that their claims are plausible on their face. For the reasons set forth below, the Motion to Dismiss is denied.

BACKGROUND

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the Plaintiffs. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Thus, the following facts are taken from the allegations of the Complaint. On May 31, 2007, Randal Carrigan underwent surgery of the cervical spine at St. John's Hospital in Springfield, Illinois. "As part of this surgical process, certain K2M instrumentation that were manufactured, designed and/or supplied by the Defendant, K2M, including screws were installed or implanted in Mr. Carrigan's back and affixed to the bony structures." Complaint, ¶ 5.

On October 5, 2007, a CT scan revealed "that in spite of the proper surgical placement of the Defendant's products, at least two of the subject screws contained unreasonably dangerous and defective conditions or

characteristics at the time of design, manaufacture [sic] and placement in the stream of commerce so as to cause said screws to fracture." Complaint, ¶ 6. On or about February 1, 2008, Randal Carrigan underwent a second surgical procedure, during which the subject K2M instrumentations, including fractured screws, were removed and replaced. The Carrigans then filed the instant Complaint on June 16, 2009.

## ANALYSIS

K2M asks the Court to dismiss the Carrigans' Complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). To withstand the Motion to Dismiss, the Complaint, viewed in the light most favorable to the Plaintiffs, must set forth a short and plain statement of the claims showing that the Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559-63 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007). The allegations must plausibly suggest that the Plaintiffs are entitled to relief. Twombly, 550 U.S. at 569 n.14. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937,

1949 (2009). As the Supreme Court has recognized "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

I.  COUNT 1

To recover in a strict product liability action under Illinois law, "a plaintiff must plead and prove [1] that the injury complained of resulted from a condition of the product, [2] that the condition was unreasonably dangerous, and [3] that it existed at the time the product left the manufacturer's control." Mikolajczyk v. Ford Motor Co., 901 N.E.2d 329, 335 (Ill. 2008). K2M asserts that Randal Carrigan fails to give sufficient notice of the specific product that is alleged to be defective and pleads insufficient facts relating to the alleged defect, damages, and proximate cause. The Court disagrees.

Randal Carrigan alleges that K2M instrumentation, including screws, were implanted in his back. He further alleges that despite proper surgical placement of K2M's products, "at least two of the subject screws contained unreasonably dangerous and defective conditions or characteristics . . . so as to cause said screws to fracture" and that "[t]he subject surgical screws

4

were defective in that the screws would shear and/or fracture during normal, foreseeable and/or intended use." Complaint, ¶¶ 6, 9. These allegations provide sufficient notice of the allegedly defective product. Randal Carrigan does not need to plead the model number or lot number of the screws, such information can be gleaned in discovery. Similarly, these allegations sufficiently identify the alleged defect, i.e., that the screws fractured while implanted in Randal Carrigan's back. This is not a case in which the complaint offers only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949 (internal quotations and citations omitted).

Count 1's allegations relating to damages and proximate cause are also sufficient. Randal Carrigan asserts that he underwent a second surgical procedure to remove and replace the K2M instrumentation, including the fractured screws, and that "[a]s a direct and proximate result of the defective product," he "sustained permanent damages; physical and emotional pain and suffering, past and future; disfigurement, medical expense, past and future; loss of income or revenue, past and future; loss of enjoyment of life, past and future . . . ." Complaint, ¶¶ 7, 10. The allegations of Count 1

5

plausibly suggest that Randal Carrigan is entitled to relief under a strict liability theory. K2M's request to dismiss Count 1 is denied.

II. COUNT 2

To recover in a product liability action based on negligence under Illinois law, a plaintiff must plead and prove: "[1] the existence of a duty of care owed by the defendant, [2] a breach of that duty, [3] an injury that was proximately caused by that breach, and [4] damages." Calles v. Scripto-Tokai Corp., 864 N.E.2d 249, 263 (Ill. 2007). According to K2M, Randal Carrigan fails to sufficiently allege facts regarding the way in which K2M allegedly breached its duty to him, damages, and proximate cause. The Court again disagrees.

With respect to breach, Count 2 alleges that K2M owed a duty to Randal Carrigan "to properly design, manufacture and distribute the K2M instrumentation" and "[t]hat the K2M instrumentation broke as a direct result of K2M's negligence or misconduct in failing to properly design, manufacture and/or distribute the defective screw." Complaint, ¶¶ 11-12. These factual allegations go beyond mere recitation of the elements of a negligence claim, and the Court deems them to be sufficient.

Turning to the question of damages and proximate cause, the Court

notes that Count 2 incorporates by reference the allegations that screws, which were part of the K2M instrumentation, fractured while implanted in Randal Carrigan's back and that Randal Carrigan underwent a second surgical procedure to remove and replace the K2M instrumentation, including the fractured screws. See Complaint, p. 3 & ¶¶ 6-7. Count 2 further alleges that "[a]s a direct and proximate result of K2M's negligence or misconduct in the design, manufacture and/or distribution of the K2M instrumentation," Randal Carrigan "suffered damages including, but not limited to, severe mental and physical pain, interference with and loss of enjoyment of life, incurring medical expenses and other damages." Id., ¶ 13. These factual allegations relating to damages, taken as true, are sufficient to allow the Court to draw the reasonable inference that K2M's breach proximately caused identifiable injury to Randal Carrigan. Thus, the allegations of Count 2 plausibly suggest that Randal Carrigan is entitled to relief under a theory of negligence. K2M's request to dismiss Count 2 is denied.

III. COUNT 3

K2M asserts that, because Randal Carrigan has failed to properly plead a cause of action which would entitle him to relief, Sherry Carrigan's

7

loss of consortium claim should be dismissed. However, as set forth above, Randal Carrigan's claims are sufficient to withstand a motion to dismiss. Because K2M fails to identify any independent defect in Sherry Carrigan's claim, the request to dismiss Count 3 is denied.

## CONCLUSION

THEREFORE, Defendant K2M Inc.'s Motion to Dismiss Plaintiff's [sic] Complaint at Law, in Lieu of Answer, Pursuant to Federal Rule of Civil Procedure 12(b)(6) (d/e 9) is DENIED. Defendant is directed to answer Plaintiffs' Complaint on or before November 13, 2009. The matter is referred to Magistrate Judge Evans for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER: October 23, 2009

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE