IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RANDAL W. CARRIGAN and SHERRY CARRIGAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 09-CV-3149 ) |
| K2M, INC., | ) ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs Randal W. Carrigan and Sherry Carrigan's (collectively Carrigans) Second Amended Motion to Compel Discovery and Application to Take the Deposition of Mike Barrus Out of Time (d/e 51) (Motion to Compel); Plaintiffs' Motion for a Sixty Day Extension of Time on All Scheduling Order Deadlines to Allow a Ruling on Plaintiffs' Motion to Compel (Document Number 51) and Allow Further Testing and Examination of the Subject Product and Allow Plaintiffs' Experts to Supplement Their Rule 26 Expert Reports (d/e 58) (Motion for Extension) (collectively Carrigan Motions); and Defendant K2M, Inc.'s (K2M) Emergency Motion to Compel K2M Hardware for Non-Destructive Inspection (d/e 60) (K2M Motion). The parties have certified that they have

attempted in good faith to resolve these matters without court action.  Fed. R. Civ. P. 37(a)(1).  For the reasons set forth below, the Carrigan Motions and the K2M Motion are ALLOWED in part.

BACKGROUND

The Carrigans allege products liability claims against K2M arising from screws that fractured in a Mesa Spinal System designed and distributed by K2M that had been implanted into Randal Carrigan's spine.  Specifically, the threads in the screws fractured.  The threads on the screws were based on the "thread form and geometry" of the screws used in the Denali Spinal System, also designed and distributed by K2M.  <u>Motion to Compel,</u> Exhibit 7, <u>Excerpt of the 510k Application to Food and Drug Administration</u>; <u>Deposition of Richard Woods</u>, at 183 (both exhibits filed under seal at d/e 54).  The Carrigans have requested documents from K2M related to the Denali Spinal System, but K2M has objected based on relevance and undue hardship.  <u>Motion to Compel</u>, Exhibit 6, <u>Defendant's Response to Plaintiffs' Fourth Request to Produce</u>.  The Carrigans now ask this Court to compel production of these documents.

The Carrigans also ask the Court to compel K2M to compel an unredacted copy of the meeting minutes of the Board of Scientific Advisors.  K2M produced a redacted copy that redacted a portion of the minutes that discuss the Denali Spinal System.  The Carrigans want these

minutes produced in discovery. K2M objects on the same grounds of relevance and undue burden.

The Carrigans also ask for permission to take the deposition of K2M employee Mike Barrus out of time. The Carrigans submitted a interrogatory to K2M for the identity of, "Defendant's 30(b)(6) witness most knowledgeable regarding the specifications for manufacturing of the subject product, including screws." Motion to Compel, Exhibit 1, Defendant's Answers to Plaintiffs' Interrogatories, ¶ 17. K2M responded, "ANSWER: Rich Woods, Senior Vice President of Engineering, K2M, Inc., . . . ." Id. (emphasis in the original). The Carrigans then noticed Woods' deposition under Rule 30(b)(1). Woods' deposition was taken on November 9, 2010. Motion to Compel, Exhibit 2, Woods Deposition, at 1. During the deposition, Woods discussed the fact that the Mesa Spinal System was manufactured for K2M by Hammill Manufacturing Company. Id. at 85. Woods was asked about the number of cutting movements used to cut the screws at issue. Woods said, "I don't know the answer to that." Id. Woods then said that Mike Barrus might know. Woods stated that Barrus, "is the engineer who designed the screw, and he has been to Hammill more often than the rest of us have." Id.

On January 7, 2011, the Carrigans' counsel sent a letter to K2M's counsel requesting the deposition of Barrus. Motion to Compel, Exhibit 3,

Letter from Thomas J. Steece to Donna Fernandez dated January 7, 2011. K2M's counsel responded by letter dated January 11, 2011. Motion to Compel, Exhibit 4, Letter from Carmel M. Cosgrave to Thomas J. Steece, dated January 11, 2011. K2M's counsel did not object to the deposition as long as it was taken in Leesburg, Virginia, where K2M's offices are located. On January 13, 2011, the Carrigans' counsel told K2M's counsel that the Carrigans no longer wanted to take Barrus's deposition. Motion to Compel, Exhibit 5, Letter from Thomas J. Steece to Carmel Cosgrave dated January 7, 2011.

On January 20, 2011, K2M's counsel renewed the request for the deposition of Barrus. On January 21, 2011, counsel for K2M again agreed to the deposition of Barrus, but only if: (1) the Carrigans provided a list of topics to be covered in the deposition; (2) the Carrigans held the deposition in Virginia; and (3) the Carrigans do not seek to recover the costs of the deposition. The Carrigans refused the last condition. They stated that they would seek costs if they were the prevailing party in this matter. Defendant's Response to Plaintiffs' Motion to Compel, Exhibit 3, Email from Michael Velez to Donna Fernandez dated January 25, 2011. The deadline for fact discovery passed on January 31, 2011, without the parties resolving their dispute of the costs of the deposition. See Text Order

entered October 7, 2010. The Carrigans now ask the Court to allow them to take the deposition of Barrus after the deadline.

The parties have conducted two destructive tests on the Mesa Spinal System screws at issue. The parties failed to properly complete the agreed upon testing protocol at both of the tests. The Carrigans' experts want to conduct additional destructive testing. The Carrigans ask for an additional sixty days to complete another destructive test. K2M objects on the grounds that the Carrigans could have completed the testing before the deadline for such testing ran on March 31, 2011.

The K2M Motion asks for an order compelling the Carrigans to allow K2M's expert to conduct a non-destructive inspection of the screws and hardware from the Mesa Spinal System at issue. The screws and hardware are currently in the possession of the Carrigans' attorney in Oklahoma City, Oklahoma. K2M's expert wants to conduct the inspection at the expert's laboratory in Fairfield, Ohio. The Carrigans have stated that they will allow the transportation of the screws and hardware to Fairfield, Ohio, only if: (1) the Defendant or Defendant's counsel personally transport the screws and hardware from the Carrigans' counsel Oklahoma City to Fairfield and personally return them to the Carrigans' counsel; or (2) K2M insures the screws for $3,000,000.00 against loss during transit. K2M would not agree to either condition. See K2M Motion, Exhibits C-J,

Correspondence between Thomas J. Steece and Carmel M. Cosgrave.

K2M asks for an order to compel the Carrigans to produce the screws and hardware for non-destructive inspection without these preconditions.

ANALYSIS

The Carrigan Motions raise three issues: (1) the request to compel production of information related to the Denali Spinal System; (3) the request to depose Mike Barrus; and (3) the request for an extension of deadlines to conduct additional destructive testing of the screws. K2M indicates that it has provided other discovery that the Carrigans sought in the Motion to Compel. Those portions of the Motion to Compel are denied as moot. The Court will address the three remaining matters as follows. The Court will thereafter address the request for inspection of the screws and hardware set forth in the K2M Motion.

A.  Documents Related to the Denali Spinal System

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-71 (7th Cir.1983); Eggleston v. Chicago

Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). "[I]f there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes, 2000 Amendment.

    The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn

Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. Id. at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. Id. Remember, we are talking discovery, not admissibility at trial.

In light of these principles, the unprivileged documents requested by the Carrigans that relate to the Denali Spinal System should be produced, including the unredacted minutes of the Board of Scientific Advisors discussing the Denali Spinal System. The threads on the screws in Randal Carrigan's back fractured. The threads on those screws were based on the design of the Denali Spinal System screws. Information related to the Denali Spinal System, therefore, is relevant or is reasonably calculated to lead to admissible evidence. K2M may invoke the provisions of the Agreed Protective Order (d/e 38) to limit disclosure of confidential information.

K2M argues that the screws in the Denali Spinal System are not relevant because the Denali and Mesa Spinal Systems have different designs and use different materials. See Defendant's Response to Plaintiffs' Second Amended Motion to Compel (d/e 57), Exhibit 3, Affidavit of Rich Woods, ¶¶ 3-5. That may be true, but it is also clear that the threads on the screws in Randal Carrigan's back fractured, and those threads were based on the Denali Spinal System design. The design of the Denali Spinal System screws may lead to relevant evidence to this case and information is discoverable. The Carrigan's motion to compel production of these documents is allowed. K2M is directed to produce the requested unprivileged documents by June 11, 2011.

B.  Deposition of Mike Barrus

The Court will allow the deposition of Mike Barrus on the condition that the Carrigans serve a proper Rule 30(b)(6) notice on K2M and the deposition be conducted in Leesburg, Virginia. The Carrigans complain that K2M should have disclosed Barrus initially as the person who had the most knowledge of the Mesa Spinal System for purposes of Rule 30(b)(6). The record does not demonstrate that K2M acted improperly in identifying Rich Woods in answer to the Carrigans' interrogatory. The interrogatory asks for the person most knowledgeable about he product, including the screws. There is no evidence that Barrus knows more that Woods knows

about the product, the Mesa Spinal System. Woods stated in his deposition that Barrus designed the screws, but Woods did not say that Barrus designed the entire Mesa Spinal System. Thus, the evidence does not indicate that the answer to the interrogatory was incorrect.

Furthermore, the Carrigans did not conduct a Rule 30(b)(6) deposition of Woods. The Carrigans noticed him for an individual discovery deposition under Rule 30(b)(1). K2M properly produced Woods since he was the person noticed for the deposition. K2M did nothing improper with respect to this deposition. The Court also recognizes that the Carrigans acted indecisively, first requesting the deposition of Mike Barrus, then withdrawing the request, then renewing the request. K2M, understandably, was frustrated with such indecisiveness.

Nevertheless, the Carrigans ultimately requested the deposition of Barrus before the time for fact discovery closed. K2M had no basis to condition that deposition on the waiver of a claim for costs in the event that the Carrigans ultimately prevails in the case. The prevailing party generally may be entitled to certain costs associated with depositions. 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d). Because the Carrigans made a timely request on January 20, 2011, the Court will allow the deposition. The Carrigans are directed to serve a proper Rule 30(b)(6) notice on K2M for

the deposition and the deposition will be conducted in Leesburg, Virginia. The Carrigans will complete the deposition by June 30, 2011.

C.   Request for Additional Testing and Extension of Time

In light of the delay necessitated by the deposition of Barrus, the Court will allow one additional destructive test of the Mesa Spinal System screw as requested by the Carrigans.  The parties agree that the two previous tests were not completed properly in accordance with the agreed protocol.  The parties are given until June 30, 2011, to complete one more test.  The testing is to be done after the completion of the non-destructive inspection requested in the K2M Motion, discussed below.  The Court, however, will not allow a sixty day extension of all deadlines.  The parties' experts can file supplemental reports.  The parties further may request extensions on expert depositions if necessary.  At this time, however, the Court will not extend all deadlines.

D.   K2M Motion

K2M's request for a non-destructive inspection of the screws and hardware at issue is allowed in part.  The parties agree that K2M's expert may inspect the screws and hardware.  The parties only disagree on the conditions for the transportation of the screws and hardware. The Court has reviewed the cases cited by the Carrigans, and conducted an independent review of the case law, and finds no examples of any court

imposing the kind of conditions, financial or otherwise, requested by the Carrigans for the transportation of physical evidence for inspection by the opposing party or designated experts. The Court will not require such precautions.

The Defendant's non-destructive inspection and the Plaintiffs' third destructive testing must be coordinated. The non-destructive inspection should be conducted before the destructive testing is performed. K2M's expert may also want to attend the third destructive testing. The Court, therefore, directs the parties to meet and confer to develop an agreed protocol for transporting the screws and hardware in order to effectuate both the non-destructive inspection and the third destructive testing. The parties are directed to present to the Court by June 3, 2011, an agreed protocol for transporting the screws and hardware to effectuate the non-destructive inspection and the destructive testing. If the parties cannot agree, then each party should submit a proposed protocol by that date, and the Court will decide the matter.

WHEREFORE, Plaintiffs Randal W. Carrigan and Sherry Carrigan's Second Amended Motion to Compel Discovery and Application to Take the Deposition of Mike Barrus Out of Time (d/e 51); Plaintiffs' Motion for a Sixty Day Extension of Time on All Scheduling Order Deadlines to Allow a Ruling on Plaintiffs' Motion to Compel (Document Number 51) and Allow Further

Testing and Examination of the Subject Product and Allow Plaintiffs' Experts to Supplement Their Rule 26 Expert Reports (d/e 58); and Defendant K2M, Inc.'s (K2M) Emergency Motion to Compel K2M Hardware for Non-Destructive Inspection (d/e 60) (K2M Motion) are ALLOWED IN PART as set forth above in this Opinion.

ENTER:   May 10, 2011

<u>s/ Byron G. Cudmore</u><br>
BYRON G. CUDMORE<br>
UNITED STATES MAGISTRATE JUDGE