`E-FILED
Tuesday, 25 October, 2011 10:24:56 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RANDAL W. CARRIGAN and SHERRY CARRIGAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-CV-3149 |
| K2M, INC., | ) ) | |
| Defendant. | ) ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant K2M, Inc.'s (K2M) Emergency Motion to Compel Plaintiff to Produce Hardware for Non-Destructive Testing and for Other Relief (d/e 69) (Motion). K2M has certified that it has attempted in good faith to resolve this matter without court action. Fed. R. Civ. P. 37(a)(1). For the reasons set forth below, the Motion is ALLOWED in part.

The Plaintiffs Randal and Sherry Carrigan (Carrigans) allege products liability claims against K2M arising from screws that fractured in a Mesa Spinal System designed and distributed by K2M that had been implanted into Randal Carrigan's spine. Specifically, the threads in the screws fractured. The Motion asks the Court to compel the Carrigans to

`

deliver to defense counsel the screws and all associated hardware from the Mesa Spinal System at issue (the Hardware), and also the exemplar screws that the Carrigans' experts stated in their depositions that they have viewed and inspected, so that K2M's expert can conduct a non-destructive evaluation and inspection. K2M asks the Court order that K2M and its expert be allowed to retain possession of these objects until the completion of the expert's deposition. K2M further asks for an extension of time to make its Rule 26 expert disclosures until 45 days after receipt of the objects. Motion, at 8. K2M's Rule 26 expert disclosure, including the expert's report, is due on November 30, 2011. Text Order entered August 8, 2011.

The Carrigans have no objection to producing the Hardware and six exemplar screws that the Carrigans' expert John Harcourt acquired from Harcourt's son (Harcourt Screws). The Carrigans also have no objection to allowing K2M to retain the Hardware and the Harcourt Screws until K2M makes its Rule 26 expert disclosure, but not beyond that date. The Carrigans object to producing exemplar screws that their counsel acquired in preparation for the depositions of the Carrigans' experts (Carrigan Attorney Screws), and object to extending the date for K2M's Rule 26 expert disclosure beyond November 30, 2011. The Carrigans state that their experts did not rely on the Carrigan Attorney Screws to support any of

their expert opinions.  <u>Plaintiffs' Response and Objection to Defendant's Emergency Motion to Compel Plaintiffs to Produce Hardware for Non-Destructive testing and for Other Relief Document Number 69 (d/e 70) (Response)</u>, at 2-3.

The Court will not compel the Carrigans to produce the Carrigan Attorney Screws.  The Carrigans' attorneys acquired these screws and used them in preparation for litigation.  The Carrigan Attorney Screws should, thus, be protected from discovery unless K2M shows a substantial need for these screws and K2M cannot obtain substantial equivalents by other means.  Fed. R. Civ. P. 26(b)(3)(A)(ii).  Furthermore, K2M is not entitled to discover the Carrigans' attorneys' communications with their experts with respect to the Carrigan Attorney Screws unless the experts considered these screws in forming their expert opinions.  Fed. R. Civ. P. 26(b)(4)(C)(ii).  The Carrigans state that the Carrigan Attorney Screws were not used to form their experts' opinions.  The Carrigans, thus, can properly refuse to produce the Carrigan Attorney Screws.  The Court notes that K2M may possibly be entitled to move in limine before the District Court to exclude opinion testimony based on the Carrigan Attorney Screws.

The Carrigans are therefore ordered to deliver the Hardware and the Harcourt Screws to K2M's counsel for non-destructive evaluation and inspection by K2M's expert witness.  The Court agrees that no extension of

time past November 30, 2011, should be needed to complete the expert report and disclosures, as long as the Carrigans deliver the Hardware and Harcourt Screws promptly. K2M's expert has inspected the Hardware twice before and has the testing data. The expert should be able to complete the report in time to meet the November 30, 2011, deadline. The Court also agrees with the Carrigans that K2M should return the Hardware and Harcourt Screws when it makes its Rule 26 expert disclosure. Possession until November 30, 2011, should give K2M's expert more than enough time to inspect and evaluate these objects.

The Carrigans further ask for the immediate return of Hardware and Harcourt Screws upon any settlement of this case. The Court finds this to be appropriate.

WHEREFORE, Defendant K2M, Inc.'s (K2M) Emergency Motion to Compel Plaintiff to Produce Hardware for Non-Destructive Testing and for Other Relief (d/e 69) is ALLOWED in part. The Plaintiffs are ordered to ship the Hardware and Harcourt Screws to K2M's counsel for receipt by November 1, 2011. Defendant K2M, Inc., or its expert, may retain possession of the Hardware and Harcourt Screws until the date that K2M is required to make its Rule 26 expert disclosures, November 30, 2011. K2M shall place into shipping the Hardware and Harcourt Screws back to the Carrigans' counsel no later than November 30, 2011; provided however,

K2M shall immediately return the Hardware and Harcourt Screws if the parties file before that date, a stipulation to dismiss this action with prejudice because the matter has been settled. The parties shall follow the protocol for transporting the Hardware approved by this Court in its Text Order entered June 6, 2011. The Motion is otherwise denied.

ENTER: October 25, 2011

          *s/ Byron G. Cudmore*
          BYRON G. CUDMORE
          UNITED STATES MAGISTRATE JUDGE